IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Shelby Dunbar, | : | |
| | : | Case No. 1:26-cv-291 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| Country Intelligence Group, LTD., | : | Recommendation and Dismissing Case |
| | : | |
| Defendant. | : | |

This matter is before the Court on the June 11, 2026 Report and Recommendation ("R&R") issued by Chief Magistrate Judge Stephanie K. Bowman recommending dismissal of this action. (Doc. 4).  On March 24, 2026, Magistrate Judge Bowman ordered that the Plaintiff Shelby Dunbar provide the Court with a copy of her right-to-sue letter from the EEOC within ten (10) days of the date of that Order.  (Doc. 2.)  Plaintiff did not comply.  On April 16, 2026, Magistrate Judge Bowman issued an Order to Show Cause directing Plaintiff to inform the Court within twenty (20) days why her Complaint should not be dismissed without prejudice for want of prosecution and failure to abide by an Order of the Court.  (Doc. 3.)  The Magistrate Judge also stated that Plaintiff could "satisfy the requirements of this Order by filing a copy of her right-to-sue letter from the EEOC with the Court."  (*Id.* at PageID 17.)  Plaintiff did not file a response or the EEOC letter. Therefore, Magistrate Judge Bowman issued the R&R recommending that this action be dismissed without prejudice for lack of prosecution. (Doc. 4 at PageID 20.)  Plaintiff did not file Objections to the R&R.

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been

referred to them.  When no objections are filed, "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review [the] magistrate's report." *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3:19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made.").  Still, some district courts follow the Advisory Committee Notes to Rule 72(b) and review a report and recommendation for clear error. *See e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The Court has reviewed this matter and concludes that the Magistrate Judge made no clear errors in the R&R.  Plaintiff is proceeding *pro se*, but that does not excuse her from complying with procedural rules.  *See McNeil* v. *United States*, 508 U.S. 106, 113 (1993). Plaintiff's failure to comply with the Magistrate Judge's Order warrants dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).  *See Jourdan* v. *Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (upholding dismissal of a *pro se* plaintiff who "failed to adhere to readily comprehended court deadlines of which he was well-aware").  District courts have the inherent authority to sua sponte dismiss civil actions in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases of cases." *Link* v. *Wabash R.R. Co.*, 370 U.S. 626, 630–631 (1962).

Accordingly, the Report and Recommendation (Doc. 4) is **ADOPTED,** and this matter is

**DISMISSED WITHOUT PREJUDICE** for lack of prosecution.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge